UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Edward Pipkin, Jr., #243735 )<br>)<br>Petitioner, )<br>)<br>-vs- )<br>)<br>William W. White, Warden; State )<br>of South Carolina; S.C. Department of )<br>Corrections; and Henry McMaster, )<br>Attorney General for South Carolina, )<br>)<br>Respondents. )<br>_____) | Civil Action No. 3:04-22883-SB<br><br>**O R D E R** |



This matter is before the Court on the *pro se* Petitioner's request for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. By local rule, the case was referred to United States Magistrate Judge Joseph R. McCrorey for initial review.

On April 8, 2005, the Respondents filed a motion for summary judgment. On April 14, 2005, the Petitioner was advised, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the summary judgment procedure and the possible consequences if he failed to adequately respond. Despite this explanation, the Petitioner elected not to respond to the motion.

Because the Petitioner is proceeding *pro se*, the Magistrate Judge filed a second order on May 26, 2005, allowing the Petitioner an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. The Petitioner filed a response to the Court's second order on June 9, 2005, and requested additional time to respond to the Respondents' motion for summary

judgment. The Petitioner was granted an extension until July 18, 2005 to respond to the Respondents' motion for summary judgment. To date, the Petitioner has not filed a response.

The Magistrate Judge issued a report and recommendation on July 25, 2005 recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). In his report and recommendation, the Magistrate Judge considered four factors in evaluating a dismissal pursuant to Rule 41(b).[1] The Magistrate Judge determined that it is "solely through petitioner's neglect, and not that of an attorney, that no responses have been filed."

Although the Petitioner was instructed to notify the Clerk of Court of any changes in address or location, he failed to do so and the report and recommendation which was sent to his last known address was returned as undelivered. The clerk of court was able to locate the Petitioner's current address at the MacDougall Correctional Institution, and another copy of the report and recommendation was sent to him. As a result, the Petitioner's deadline for objections was once again extended to August 24, 2005. To date, the Petitioner has not filed any objections to the Magistrate Judge's report and recommendation.

It is clear that the Petitioner has been afforded the benefit of every doubt regarding his response to the Respondents' motion for summary judgment. Despite being twice advised to file a response, he has chosen not to do so. Additionally, the

---

[1] Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), requires the Court to consider four factors regarding dismissal pursuant to Rule 41(b): (1) the degree of the petitioner's responsibility in failing to respond, (2) the amount of prejudice to the petitioner, (3) the history of the petitioner in proceeding in a dilatory manner, and (4) the existence of less drastic sanctions other than dismissal.

Petitioner has elected not to file any objections to the Magistrate Judge's report and recommendation, thereby waiving his right to further judicial review.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).

Based on the foregoing, it is

ORDERED that the Magistrate Judge's report and recommendation is affirmed and adopted; that this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b); and that this action is ended.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October 19, 2005
Charleston, S.C.

3